DUNCAN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-043-CR

BERT LEE DUNCAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one issue, appellant Bert Lee Duncan complains about impermissible statements made during the prosecutor’s closing argument in appellant’s DWI trial.  When discussing appellant’s refusal to take a breath test, the prosecutor stated that appellant’s refusal “means you get to prove -- you get to presume --.“  Appellant objected “to the comment that there is a presumption.”  The trial court sustained his objection and instructed the jury to disregard the statement but denied appellant’s motion for mistrial.  The prosecutor then stated, “The law allows you to presume he’s guilty.”  Appellant’s counsel objected again, stating “I object. . . . The Court just sustained my objection to that.”  In arguing her position, the prosecutor clarified, “[T]he case law says . . . that they can use this as . . . evidence of his guilt.”  In sustaining appellant’s second objection, the trial court stated, “They [the jury] can consider it.  I’m not sure about a presumption, so I’m going to sustain the presumption part.”  Appellant then moved for a mistrial, which the trial court denied.

Appellant’s complaint is waived to the extent that he complains about the prosecutor’s second statement, that “[t]he law allows you to presume he’s guilty,” and the trial court’s statement that it was not sure about a presumption.  Appellant did not ask for an instruction to disregard the prosecutor’s comment, nor did he object to the trial court’s statement.  
See
 
Tex. R. App. P.
 33.1; 
Simpson v. State
, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003), 
cert. denied
, 124 S. Ct. 2837 (2004); 
Cockrell v. State
, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1173 (1997); 
 Cook v. State
, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993); 
Barnes v. State
, 70 S.W.3d 294, 307-08 (Tex. App.—Fort Worth 2002, pet. ref’d).  

With respect to the first statement, generally, an instruction to disregard impermissible argument cures any prejudicial effect.  
Wesbrook v. State
, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), 
cert. denied,
 532 U.S. 944 (2001); 
Dinkins v. State
, 894 S.W.2d 330, 357 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995).  Here, Duncan fails to address the trial court’s instruction to disregard or why the instruction could not cure the alleged harm.  We therefore presume that the jury followed the instruction to disregard.  
See Gardner v. State
, 730 S.W.2d 675, 696 (Tex. Crim. App.), 
cert. denied
, 484 U.S. 905 (1987).  

Moreover, in the first part of its closing argument, the State correctly informed the jury that appellant was made aware of the fact that “refusal can be used as evidence in a prosecution for driving while intoxicated.”  And the trial court’s charge to the jury instructed it that “[a]ll persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.”

Accordingly, we overrule appellant’s sole issue and affirm the trial court’s judgment.

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 9, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.